IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. FRENCH | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-1766-B-BK |
| | § | |
| METLIFE DISABILITIES INSURANCES, | § | |
|    DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 5. Pending before the Court is *Motion to Dismiss Pursuant to Federal Rule 12(b)(6)*, filed by Defendant MetLife Disabilities Insurance. Doc. 13. As detailed herein, the Motion should be **GRANTED**.

    **I.**    **BACKGROUND AND PARTIES' ARGUMENTS**

Plaintiff filed this civil action in July of 2018, in an apparent attempt to collect under an employer disability insurance policy for an injury he allegedly suffered in 2004. Doc. 3. The complaint reads in its entirety:

> After purchasing, and paying years of premiums, on my insurance policy I was informed that MetLife would not pay out anything on this Claim unless I was to sue them in Federal Court for the Claim # 340508156278 Report # 29920 which is connected to my employee number of # 0829554 and my Social Security # [redacted]. This Lawsuit comes after years of litigation wherein the employee worked closely with the State Of Texas to try and obtain his Workers Compensation Insurance Coverage after suffering a horrendous injury, on December 20th, 2004 while under the employment of American Airlines Incorporation. The time has come for American Airlines and their insurances to honor these agreements.

Doc. 3.

Defendant admittedly issued the policy ("Group Policy") referenced in Plaintiff's complaint and is the claim administrator for the Short-Term Disability Benefits Plan ("STD Plan") under which Plaintiff seeks benefits. Doc. 14 at 3.[1] Defendant argues that Plaintiff's claim for STD benefits is barred because Plaintiff did not file his lawsuit within the time mandated by the STD Plan. Doc. 14 at 2. Defendant avers that the STD Plan "explicitly states that no lawsuit 'may be started more than 3 years after the time proof [of the claim] must be given.'" Doc. 14 at 2 (alteration in original) (quoting the STD Plan). Defendant argues that, as such, this untimely filed civil action should be dismissed with prejudice.

In his somewhat nonsensical response, Plaintiff argues that the "effect of rule 12(b)(6) is not clear" and that the Court "cannot simply disqualify the ownership" of his insurance policy. Doc. 16 at 1-2. Plaintiff also briefly mentions American Airlines and its bankruptcy action, the "United States Patriot Act," and the "Pension Protection Act of 2006." Doc. 16 at 2-4. Plaintiff contends that "American Airlines Incorporation needs to pay [him] his insurance and allow the [him] the opportunity to re-establish his life and move forward with his family." Doc. 16 at 5. Plaintiff, however, does not address the timeliness of this lawsuit.

## II.   LEGAL STANDARD

Limitations is an affirmative defense. *See* FED. R. CIV. P. 8(c)(1). "Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if

---

[1] Defendant has attached a copy of the STD Plan to its brief. A Court may consider documents attached to a defendant's motion to dismiss if they are referred to in the complaint and central to the plaintiff's claim. *Collins v. Morgan Stanely Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Here, Plaintiff refers to the STD Plan in his complaint. *Compare* Doc. 3 at 1 (referencing "Report # 29920") *with* Doc. 15-1 at 2 (identifying the STD plan as "Group Policy No. 29920-G"). Moreover, the STD Plan is central to Plaintiff's claim, as he is suing for payment by Defendant under the STD Plan's terms.

2

true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.). Where "it is clear from a review of a plaintiff's pleadings that any alleged cause of action is barred by limitations, a defendant's motion to dismiss should be granted." *Ingram v. City of Dallas*, 2003 WL 298585, at *2 (N.D. Tex. Feb. 11, 2003) (Fitzwater, J).

### III.   ANALYSIS

Plaintiff does not dispute that his claim is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as Defendant avers, Doc 14 at 2. *See Martin v. Trend Personnel Services*, 656 Fed.Appx. 34, 35 (5th Cir. 2016) (per curium) (stating that ERISA "governs claims arising out of employee welfare benefit plans"). Because ERISA does not provide a specific limitations period for denial of benefits lawsuits, courts apply the most analogous state statute of limitations. *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Emp. Health Care Plan*, 426 F.3d 330, 337 (5th Cir. 2005). "In Texas, the most analogous state statute of limitations is the four-year limitation governing suits on contracts." *Dye v. Assocs. First Capital Corp. Long-term Disability Plan* 504, 243 Fed. Appx. 808, 809 (5th Cir. 2007) (per curium). "Where a plan designates a reasonable, shorter time period, however, that lesser limitations schedule governs." *Harris Methodist*, 426 F.3d at 337.

In *Dye*, the Court of Appeals for the Fifth Circuit held that a 120-day contractual limitations period in a long-term disability plan was reasonable. *Dye*, 243 Fed. Appx. at 810. "In approving the use of a 'reasonable, shorter time period,'" the Fifth Circuit noted that the disability plan was reasonable because it specified the limitation period, required prompt

3

notification to the employee of a decision on appeal, and the limitations period did not begin to run until after the disposition of the internal appeal process. *Id.* (citations omitted).

Here, the STD Plan prescribes a limitations period of three years, well over the 120 days sanctioned by the Fifth Circuit in *Dye*. Doc. 15-1 at 17. Moreover, the STD Plan gives notice of the limitations period under a large, bolded heading titled "Time Limits on Starting Lawsuits." Doc. 15-1 at 17. And while the STD Plan does not state that the limitations period begins to run after the disposition of an internal appeal process, as does the plan in *Dye*, it does afford more than enough time to file suit after any internal appeal proceeding. Accordingly, the Court finds that the three-year limitations period in the STD plan is reasonable.

By the terms of the STD Plan, "[n]o lawsuit may be started more than 3 years after the time proof must be given." Doc. 15-1 at 17. The STD Plan specifies that proof must be given "not later than 90 days from the date of Total Disability." Doc. 15-1 at 17. According to Plaintiff, he was injured on December 20, 2004. Doc. 3. As such, proof of his claim was due 90 days thereafter, around March 2005, and the limitations period expired three years later, around March 2008. Plaintiff's complaint, however, was filed more than a decade after the limitations period expired. Doc. 3. Accordingly, Defendant's motion should be **GRANTED**.

### IV.  SANCTIONS

In a related case in which Plaintiff sought recompense for the same 2004 injury, the Court noted that Plaintiff's claims were "frivolous," and that Plaintiff had filed "prior, duplicate actions across multiple forums." F*rench v. New Hampshire Ins. Co.*, No. 3:17-CV-2612-B-BK, 2018 WL 1955283, at *3 (N.D. Tex. Apr. 4, 2018) (Toliver, J.) (collecting cases); (*recommendation accepted*, 2018 WL 1952578 (N.D. Tex. Apr. 25, 2018) (Boyle, J.)). The Court warned Plaintiff that "if he persists in filing frivolous, baseless or duplicate cases, or actions over which the Court

4

lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any further action." *Id.* While this action (filed only three months after that warning) seeks relief from a different defendant, Plaintiff's claim nonetheless stems from the same set of operative facts as his previous cases and is clearly frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint is frivolous when it "lacks an arguable basis either in law or in fact"). Accordingly, it is recommended that Plaintiff be prohibited from filing another civil action in this Court arising from the injury he allegedly sustained on December 20, 2004, unless he first obtains permission of the Court.

### V. CONCLUSION

For the foregoing reasons, Defendant's Motion, Doc. 13, should be **GRANTED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SIGNED** on January 17, 2019

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).